Brewster H. Jamieson, Esq., ASBA 8411122
Andrea E. Girolamo-Welp, Esq., ASBA 0211044
LANE POWELL LLC
301 W. Northern Lights Blvd., Ste 301
Anchorage, AK 99503-2648
Tel: 907-277-9511
Fax: 907-276-2631
E-mail: jamiesonb@lanepowell.com
E-mail: girolamoa@lanepowell.com
Attorneys for Defendants, Countrywide Home Loans, Inc., Countrywide Home Loans Servicing LP, CTC Real Estate Services, and Countrywide Financial Corporation.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

WILLIAM HARRIS and TRUDY HARRIS,

Plaintiffs,

v.

COUNTRYWIDE HOME LOANS, INC., COUNTRYWIDE HOME LOANS SERVICING LP, CTC REAL ESTATE SERVICES, COUNTRYWIDE FINANCIAL CORPORATION, and LAND TITLE COMPANY OF ALASKA, INC.,

Defendants.

Case No. ____________________

**NOTICE OF REMOVAL**

TO: The United States District Court
For The District of Alaska

AND TO: Plaintiffs William Harris and Trudy Harris
c/o George T. Freeman, Esq.
1152 P Street
Anchorage, Alaska 99501
Telephone: 907-274-8497
Facsimile: 907-274-8497

AND TO: Defendant Land Title Company of Alaska, Inc.
Attn: Joy Green-Armstrong, Vice President of Escrow Operations and Counsel
3150 C Street, suite 220
Anchorage, AK 99503
Telephone: 907-563-5263
Facsimile: 907-561-4876

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

You are hereby notified that, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, defendants, Countrywide Home Loans, Inc., Countrywide Home Loans Servicing LP, CTC Real Estate Services, and Countrywide Financial Corporation (hereinafter the "Countrywide Defendants"), have, this day, filed in the United States District Court for the District of Alaska this Notice of Removal of the action brought by plaintiffs William J. Harris and Trudy A. Harris in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, Case No. 3AN-05-14053 CI. Suit was filed by plaintiffs in Alaska Superior Court, Third Judicial District at Anchorage, on December 15, 2005; and was served on defendant CTC Real Estate Services on January 24, 2006. *See* Exhibit A hereto.

You are also notified that the Countrywide Defendants have filed a copy of this Notice with the Clerk of the Superior Court for the Third Judicial District at Anchorage, and that said action has thereby been removed from the Superior Court to the United States District Court. *See* Exhibit B hereto.

You are further notified that defendant Land Title Company of Alaska, Inc. has consented to removal of this case. *See* Exhibit C hereto.

Defendant asserts both federal question jurisdiction and diversity jurisdiction as its grounds for removal.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**A. <u>Jurisdiction Based on Federal Question</u>**

The resolution of plaintiffs' action will turn entirely upon a question of federal law. Plaintiffs' complaint alleges that "[d]uring the relevant period, the Countrywide Defendants demanded, collected and received prepayment penalties from Plaintiffs in connection with the prepayment of [certain] loan contracts in violation of AS 45.45.010(g)." Complaint at ¶ 23. At times and circumstances relevant herein, however, a regulation issued by the Office of Thrift Supervisions ("OTS"), a federal agency, under the Alternative Mortgage Transaction Parity Act of 1982, 12 U.S.C. §§ 3801-3805, allowed lenders such as the Countrywide Defendants to impose prepayment penalties. "In 1996, [OTS]

adopted a regulation which clarified that state housing creditors, like their federal counterparts, were authorized to charge prepayment penalties and made clear that this regulation preempted contrary state laws." *Shinn v. Encore Mortgage Servs., Inc.*, 96 F. Supp. 2d 419, 423 (D.N.J. 2000); *see* also 61 Fed. Reg. 50951, 50983 (Sept. 30, 1996) (adopting 12 C.F.R. § 560.222). Plaintiffs cannot prevail in this case unless they demonstrate that the 1996 OTS regulation is invalid as a matter of federal law. As a result, this question of federal law is the central issue in this case.

The Supreme Court recently elucidated the doctrine under which "federal question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Engin. & Mfg.*, 545 U.S. __, 125 S. Ct. 2263, 2367 (2005). This "doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* The Court did not announce any "single, precise, all-embracing test for jurisdiction over federal issues embedded in state-law claims between non-diverse parties." *Id.* at 2368 (citation and internal quotes omitted). Rather, according to the Court, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.*

That test is satisfied here. As shown above, plaintiffs' state-law claim here necessarily does raise a federal issue — the validity of the 1996 OTS regulation. Second, the federal issue is a substantial one that must be disputed by plaintiffs if they are to prevail. Finally, asserting federal jurisdiction over this case will not upset "the federal-state division of labor," for the federal government "has a direct interest in the availability of a federal forum to vindicate its own administrative action . . . ." *Id.*

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

**B. <u>Diversity Jurisdiction based on 28 U.S.C. § 1332</u>**

The case at bar also meets the requirements of jurisdiction based on diversity of citizenship. 28 U.S.C. §§ 1332 and 1441. Plaintiffs are residents of the State of Alaska. Complaint at ¶ 5. As indicated in plaintiffs' caption and complaint, the Countrywide Defendants are not citizens of Alaska. Complaint at ¶¶ 7-8, 10-11. Countrywide Home Loans Inc. is, and was at the time plaintiffs commenced this action, a corporation organized under the laws of the State of New York, with its principal place of business in California. Countrywide Home Loans Servicing LP is, and was at the time plaintiffs commenced this action, a corporation organized under the laws of the State of Texas with its principal place of business in Texas. CTC Real Estate Services is, and was at the time plaintiffs commenced this action, a corporation organized under the laws of the State of California with its principal place of business in California. Countrywide Financial Corporation is, and was at the time plaintiffs commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in California. Accordingly, none of the Countrywide Defendants is a citizen of Alaska for purposes of 28 U.S.C. § 1332(c)(1).

While plaintiffs assert that defendant Land Title Company of Alaska, Inc. ("Land Title") is a corporation organized and existing under the laws of the State of Alaska (Complaint at ¶ 13), Land Title's inclusion in this matter does not destroy the complete diversity of citizenship that otherwise exists. This is because Land Title is a "sham defendant" whose its inclusion cannot prevent removal of this action to this Court. Fraudulently joined (or "sham") defendants will not defeat removal on diversity grounds, and their existence is disregarded for purposes of determining diversity. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998), *cert. den.,* 496 U.S. 937 (1990).

Here, fraudulent joinder may be demonstrated on the face of the Complaint as the sole allegation made as to the acts of Land Title is that it acted as a "closing agent" on the Countrywide

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

defendant's loans that contained the disputed penalty clause. Plaintiffs allege that Land Title "facilitated and participated in, and acted in concert with the Countrywide defendants by closing loan contracts or commitments where the Countrywide defendants put prepayment penalty clauses into loan contracts covering one to four family residences in Alaska." Complaint at ¶ 26. There is no set of circumstances under which plaintiffs' claims against Land Title can be maintained under AS 45.45.010(g), 45.45.020, 45.45.030. *Upjohn*, 139 F.3d at 1318; *DaCosta v. Novarits AG,* 180 F. Supp. 2d 1178 (D.Or.2001) (retaining jurisdiction and noting that plaintiff alleged no colorable claims against non-diverse sales representative making his joinder fraudulent).

The amount in controversy exceeds $75,000. Plaintiffs seek, pursuant to AS 45.45.030, "double the amount of the prepayment penalty and all other interest paid to the Countrywide Defendants . . . ." Complaint at ¶ 51. The amount so sought by the Harrises individually is almost $44,000.[1] In addition, the plaintiffs seek punitive damages from the Countrywide Defendants on the ground that their "collecting and receiving the prepayment penalties from the Harrises and other members of the class was knowing, illegal, willful, intentional, outrageous, malicious, and/or recklessly indifferent to the interests of the Harrises and the other members of the Class." Complaint at ¶ 64. A recovery of such damages even at the ratio of one times the other available damages would lead to a total recovery by the Harrises of almost $88,000. Thus, the amount in controversy on the individual claims of the Harrises exceeds $75,000.

Because there is diversity jurisdiction over the individual claims of the Harrises, this Court may properly exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the claims of the other

[1] The Complaint alleges that the Harrises paid $21,912.11 in total interest and prepayment penalty. *See* Complaint at ¶ 6 (alleging plaintiffs paid $6,213.72 in prepayment penalty); at ¶ 38 (alleging plaintiffs made total interest payments of $15,698.39). Doubling that amount yields a total of $43,824.22.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

members of plaintiffs' putative class. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. __, 125 S. Ct. 2611 (2005).

**C. Conclusion**

Based on the above, this Court has both original and removal jurisdiction over this action, and the Countrywide defendants are entitled to remove this action to this Court from the Superior Court for the State of Alaska. 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446.

DATED this 17th day of February, 2006.

LANE POWELL LLC
Attorneys for the Countrywide Defendants

By /s/ Brewster H. Jamieson
Brewster H. Jamieson,
LANE POWELL LLC
301 W. Northern Lights Blvd., Ste 301
Anchorage, AK 99503-2648
Tel: 907-277-9511
Fax: 907-276-2631
E-mail: jamiesonb@lanepowell.com
ASBA 8411122

LANE POWELL LLC
Attorneys for Countrywide Defendants

By /s/ Andrea E. Girolamo-Welp
Andrea E. Girolamo-Welp
LANE POWELL LLC
301 W. Northern Lights Blvd., Ste 301
Anchorage, AK 99503-2648
Tel: 907-277-9511
Fax: 907-276-2631
E-mail: girolamoa@lanepowell.com
ASBA 0211044

**CERTIFICATE OF SERVICE**

I certify that on February 17, 2006, a copy of the foregoing was served by facsimile and U. S. mail on:

George T. Freeman, Esq.
1152 P Street
Anchorage, AK 99501

Land Title Company of Alaska, Inc.
Attn: Joy Green-Armstrong, Vice President of Escrow Operations and Counsel
3150 C Street, Suite 220
Anchorage, AK 99503

/s/ Jean Pree
116589.0063/153670.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631