GEORGE T. FREEMAN
Attorney at Law
1152 P Street
Anchorage, Alaska 99501
907-274-8497

GRETCHEN M. NELSON
Kreindler & Kreindler LLP
707 Wilshire Boulevard, Suite 5070
Los Angeles, California 90017
213-622-6019

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

### THIRD JUDICIAL DISTRICT

WILLIAM J. HARRIS and TRUDY
A. HARRIS, on behalf of Themselves
and All Others Similarly Situated,

        Plaintiffs,

    vs.

COUNTRYWIDE HOME LOANS, INC.,
COUNTRYWIDE HOME LOANS
SERVICING LP, CTC REAL ESTATE
SERVICES, COUNTRYWIDE
FINANCIAL CORPORATION, and
LAND TITLE COMPANY OF ALASKA,
INC.

        Defendants.

Case No. 3AN-05-_14053_ CI

### **CLASS ACTION COMPLAINT**

Plaintiffs WILLIAM J. HARRIS and TRUDY A. HARRIS, on behalf of

themselves and all others similarly situated persons (herein collectively referred to as

"Plaintiffs"), by and through their undersigned attorneys, bring this civil action to

George T. Freeman
ATTORNEY AT LAW
1152 P STREET
ANCHORAGE, ALASKA 99501
(907) 274-8497

EXHIBIT ___A___
PAGE __1__ OF _21_

prevent and enjoin Defendants from violating the laws of the State of Alaska and for damages, and other monetary relief.  Plaintiffs allege upon information and belief as follows:

## NATURE OF THE CASE

1.   This action involves the unlawful collection and receipt of prepayment penalties for the prepayment of loan contracts covering one to four family dwellings in the State of Alaska.  In particular, the Defendants referred to herein as the "Countrywide Defendants" collected and received a prepayment penalty from the Harrises in the amount of six months interest when the Harrises paid off their May 2003 Countrywide loan contract through another loan in June 2004 with a shorter term and a lower interest rate from a different credit lender.

2.   AS 45.45.010(g) provides that a person may prepay a loan contract covering a one to four family dwelling without penalty.  The only exception in the statute applies to federally insured loans that require a prepayment penalty.  This exception does not apply to Harrises' loan contract with the Countrywide Defendants or the loan contracts of the other members of the Class.  AS 45.45.010(g) was in force and effective and applicable at all times relevant to the facts and events alleged in the complaint.

3.   AS 45.45.020 provides that a person may not receive a greater sum in money for the loan of money than is prescribed in AS 45.45.010.  AS 45.45.020 was in force and effective and applicable at all times relevant to the facts and events alleged in the complaint.

George T. Freeman
ATTORNEY AT LAW
1152 P STREET
ANCHORAGE, ALASKA 99501
(907) 274-8497



EXHIBIT _A_
PAGE _2_ OF _21_

4.    AS 45.45.030 provides that a person who pays interest greater than that prescribed in AS 45.45.010 and AS 45.45.020 may recover double the amount of all interest received or collected on the loan contract from the person receiving the funds. AS 45.45.030 was in force and effective and applicable at all times relevant to the facts and events alleged in the complaint.

## PARTIES

5.    Plaintiffs William J. Harris and Trudy A. Harris are residents of Wasilla, Alaska. The Harrises entered into a thirty year loan contract with Countrywide Home Loans, Inc. on or about May 12, 2003. The loan contract contained a prepayment penalty clause that imposed a penalty for prepayment of all or part of the loan within the first thirty-six months of the loan contract based on a calculation of six months advance interest as defined in the contract.

6.    Countrywide Home Loans, Inc. demanded, collected and received a prepayment penalty of $6,213.72 from the Harrises in violation of Alaska law when they paid off the Countrywide loan contract in June 2004, and obtained a fifteen year home loan with a lower interest rate from a different lender.

7.    Defendant Countrywide Financial Corporation ("Countrywide Financial") is a foreign corporation organized and existing under the laws of another state of the United States. Countrywide Financial is a parent corporation that owns or controls affiliates and subsidiary entities. The Countrywide Financial and its affiliates and subsidiaries named as Defendants in this action are referred to herein as the "Countrywide Defendants." The Countrywide defendants are nonfederally chartered

George T. Freeman
ATTORNEY AT LAW
1152 P STREET
ANCHORAGE, ALASKA 99501
(907) 274-8497

CLASS ACTION COMPLAINT                    3

financial institutions at all relevant times herein engaged in the business of mortgage lending.

8.    Defendant Countrywide Home Loans, Inc. ("Countrywide") is a foreign corporation organized and existing under the laws of another state of the United States. Countrywide is a subsidiary or affiliate of Countrywide Financial.    Countrywide is registered and authorized to do business in the State of Alaska.    Countrywide is a nonfederally chartered financial institution at all relevant times herein engaged in the business of mortgage lending.

9.    Countrywide uses the trade name "America's Wholesale Lender."    On information and belief, Countrywide uses other trade names.

10.    Defendant Countrywide Home Loans Servicing LP ("CHLS") is a foreign business organization organized and existing under the laws of another state of the United States.    CHLS is registered and authorized to do business in the State of Alaska. On information and belief, CHLS is an affiliate and/or subsidiary of Countrywide Financial and/or Countrywide.    CHLS is not federally chartered.

11.    Defendant CTC Real Estate Services ("CTC") is a foreign business organization organized and existing under the laws of another state of the United States. CTC is registered and authorized to do business in the State of Alaska.    On information and belief, CTC is an affiliate and/or subsidiary of Countrywide Financial and/or Countrywide.    CTC is not federally chartered.

12.    Defendant Countrywide Financial and Defendant Countrywide have other nonfederally chartered affiliates and subsidiaries that do business in the State of Alaska.

George T. Freeman
ATTORNEY AT LAW
1132 9 STREET
ANCHORAGE, ALASKA 99501
(907) 274-8497

CLASS ACTION COMPLAINT                    4

On information and belief, Defendant Countrywide Financial and Defendant Countrywide and their nonfederally chartered affiliates and subsidiaries have been and are unlawfully collecting and receiving prepayment penalties from Plaintiffs for prepayment of loan contracts covering one to four family dwellings.

13.    Defendant Land Title Company of Alaska, Inc. ("Land Title") is a corporation organized and existing under the laws of the State of Alaska with its principal place of business in the State of Alaska.  Land Title acted as the closing agent for Countrywide in the May 2003 loan transaction between the Harrises and Countrywide, and on information and belief, acted as the closing agent on other loan contracts between other Plaintiff class members and the Countrywide Defendants concerning the purchase or refinance of one to four family dwellings.

14.    The acts charged in this Complaint as having been done by Defendants were authorized, ordered, done or ratified by their officers, agents, employees, or representatives while actively engaged in the conduct and management of the business affairs of the Defendants.

15.    The Countrywide Defendants are jointly and severally liable to Plaintiffs. Plaintiffs assert their claims and request remedies jointly, severally and/or in the alternative.

## CLASS ACTION ALLEGATIONS

16.    Plaintiffs William J. Harris and Trudy A. Harris bring this action under Rule 23 of the Alaska Rules of Civil Procedure on behalf of themselves and on behalf of all members of the following classes:

George T. Freeman
ATTORNEY AT LAW
1152 P STREET
ANCHORAGE, ALASKA 99501
(907) 274-8497

CLASS ACTION COMPLAINT                    5

A.    The "Damages Class" seeks only damages and/or monetary relief and is defined as follows:

1)    All persons who paid a prepayment penalty to Countrywide Financial and/or to Countrywide and/or to CHLS and/or to CTC and/or to nonfederally chartered affiliates and/or subsidiaries of Countrywide Financial and/or Countrywide during the Relevant Period under a loan contract covering one to four family dwellings. This Class does not include the Defendants, their parents, subsidiaries and affiliates, the judge in this action, or the judge's immediate family members.

And

2)    Damages and/or other monetary relief.

B.    The "Injunctive Relief Class," seeks only injunctive relief and is defined as follows:

1)    All persons who entered or who into a loan agreement with Countrywide Financial and/or with Countrywide and/or with CHLS and/or with CTC and/or with nonfederally chartered affiliates and/or subsidiaries of Countrywide Financial and/or Countrywide during the Relevant Period covering a one to four family dwelling that contains a prepayment penalty provision. This Class does

George T. Freeman
ATTORNEY AT LAW
1152 P STREET
ANCHORAGE, ALASKA 99501
(907) 274-8497

CLASS ACTION COMPLAINT                    6

EXHIBIT    A
PAGE   6   OF  21

not include the Defendants, their parents, subsidiaries and affiliates, the judge in this action, or the judge's immediate family members.

And

      ii)    All persons who propose to enter into a loan agreement with Countrywide Financial and/or with Countrywide and/or with CHLS and/or with CTC and/or with nonfederally chartered affiliates and/or subsidiaries of Countrywide Financial and/or Countrywide covering a one to four family dwelling that contains a prepayment penalty provision. This Class does not include the Defendants, their parents, subsidiaries and affiliates, the judge in this action, or the judge's immediate family members.

17.    The Harrises do not, as yet, know the exact number of class members in the Classes. This information is in the exclusive control of the Defendants. Due to the nature of the trade and commerce involved, however, the Harrises believe that class members are sufficiently numerous and geographically dispersed so that joinder of all class members is impracticable.

18.    There are questions of law or fact common to the classes that predominate over any questions affecting only individual members of the class. Such common questions include but are not limited to the following:

George T. Freeman
ATTORNEY AT LAW
1157 F STREET
ANCHORAGE, ALASKA 99501
(907) 274-8497

CLASS ACTION COMPLAINT        7

EXHIBIT _A_
PAGE _7_ OF _21_

(a)    Whether the Countrywide Defendants put prepayment penalty provisions in loan contracts covering one to four family dwellings in Alaska;

(b)    Whether the Countrywide Defendants collected and received prepayment penalties in connection with payment of all or part of loan contracts involving one to four family dwellings in Alaska in violation of the laws of State of Alaska;

(c)    For the Damages Class, the appropriate measure of damages sustained by Plaintiffs or other appropriate monetary relief for the Plaintiffs; and

(d)    For the Injunctive Relief Class, whether Plaintiffs are entitled to injunctive relief against the Countrywide Defendants and the Land Title Defendant.

19.    The Harrises are members of the Classes that they seek to represent and their claims are typical of the claims of the members of the Classes because the Harrises and all class members were injured as a result of the same wrongful conduct of the Countrywide Defendants and the Land Title Defendant.   The Harrises will fairly and adequately protect the interests of the Class.  The Harrises' interests are coincident with and not antagonistic to those of the other members of the Class because the Harrises paid the Countrywide Defendants a prepayment penalty for the early payment of the loan contract with the Countrywide Defendants. In addition, the Harrises have retained competent counsel experienced in the prosecution of class action litigation, and the Harrises will vigorously prosecute this case on behalf of the Class.

20.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because it will allow the Harrises and the Class

George T. Freeman
ATTORNEY AT LAW
1152 F STREET
ANCHORAGE, ALASKA 99501
(907) 274-8497

CLASS ACTION COMPLAINT                            8



EXHIBIT  A
PAGE  8  OF  21

members to pursue claims that would be uneconomical to pursue individually and will promote judicial economy and efficiency. A class action will also eliminate any risk of varying or inconsistent verdicts. This class action likely presents no difficulties in management that would preclude maintenance as a class action. Finally, the Class is readily definable and is one for which records should exist.

21. The Countrywide Defendants and the Land Title Defendant have acted, and refused to act, on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief with respect to the Classes as a whole.

## FACTS
### Standard Practice

22. During the relevant period, the Countrywide Defendants put prepayment penalty clauses into loan contracts entered into by Plaintiffs in connection with the purchase or the re-finance of the debt covering one to four family dwellings in Alaska and the Land Title Defendant assisted the Countrywide Defendants in closing the loan contracts with the prepayment penalty clause.

23. During the relevant period, the Countrywide Defendants demanded, collected and received prepayment penalties from Plaintiffs in connection with the prepayment of the referenced loan contracts in violation of AS 45.45.010(g).

24. During the relevant period, the Countrywide Defendants also collected and received interest payments from Plaintiffs on the Countrywide Defendants' loan contracts.

George T. Freeman
ATTORNEY AT LAW
1152 P STREET
ANCHORAGE, ALASKA 99501
(907) 274-8497

CLASS ACTION COMPLAINT                    9

EXHIBIT A
PAGE 9 OF 21

25.    During the relevant period, the Countrywide Defendants represented that the prepayment penalty clause in the referenced loan contracts gave the Countrywide Defendants the right to demand, collect and receive payment of a prepayment penalty in connection with the prepayment of a the referenced Countrywide loan contracts even though Alaska law prohibited such prepayment penalties.

26.    During the relevant period, the Land Title Defendant facilitated and participated in, and acted in concert with the Countrywide Defendants by closing loan contracts or commitments where the Countrywide Defendants put prepayment penalty clauses into loan contracts covering one to four family residences in Alaska.

### Plaintiffs William Harris and Trudy Harris

27.    In 1995 the Harrises obtained a loan contract at eight percent interest with Northland Mortgage in the amount of $155,040.00 secured by their residence located at 3433 East Naomi Drive in Wasilla, Alaska.

28.    In 2003 the Harrises contacted a company named Novastar Home Mortgage, Inc. in connection with obtaining a loan.  In addition to paying off the existing loan to Northland Mortgage, the Harrises wanted to pay off other indebtedness with the new loan transaction.

29.    On or about May 16, 2003, the Harrises attended a closing of the loan transaction at Land Title in Anchorage, Alaska.  During the closing, the closing agent presented the Harrises with a thirty (30) year Adjustable Rate Note in the amount of $184,500.00 and other documents for their signature.  The Adjustable Rate Note stated that the "Lender" was "America's Wholesale Lender."   The Adjustable Rate Note

George T. Freeman
ATTORNEY AT LAW
1142 F STREET
ANCHORAGE, ALASKA 99601
(901) 274-8497

EXHIBIT A
PAGE 10 OF 21

stated in part that the interest rate would never be greater than fifteen and one half percent (15 ½ %) or less than eight and one half percent (8 ½ %).

30.    "America's Wholesale Lender" is a trade name for Defendant Countrywide Home Loans, Inc.

31.    The Adjustable Rate Note contained a prepayment penalty clause. According to the clause, the Harrises were obligated to pay Countrywide a prepayment penalty if the Harrises paid more than twenty percent of the principal in any twelve month period during the first thirty-six months of the loan. According to the clause, the prepayment penalty was based on an amount equal "to the payment of six (6) months' advance interest" on the principal amount of the loan contract as defined in the clause.

32.    The Adjustable Rate Rider in the Land Title closing documents stated that after recording this document was to be sent to "Countrywide Home Loans, Inc." of Simi Valley, California.

33.    The Land Title closing documents stated that the Harrises were "Countrywide Home Loans, Inc. Customers" and stated that Alaska customers needed to send their payments to "Countrywide Home Loans" in Van Nuys, California. The Settlement Statement presented by Land Title stated that the name of the "Lender" was "Countrywide." In addition, the "New Loan Payment Notice" in the Land Title closing documents stated that the "Lender" was "America's Wholesale Lender" of Calabasas, California and that payment was to be made to "Countrywide Home Loans, Inc." of Van Nuys, California.

George T. Freeman
ATTORNEY AT LAW
1152 P STREET
ANCHORAGE, ALASKA 99501
(907) 274-8407

CLASS ACTION COMPLAINT                    11

34.    The deed of trust in the Land Title closing documents stated that the trustee was "CTC Real Estate Services" of 400 Countrywide Way, Simi Valley, California.

35.    The Land Title closing documents also contain a document titled "Affiliated Business Arrangement Disclosure Statement." Among other disclosures, this document stated that "America's Wholesale Lender" and other affiliated entities were "under the common control of the same corporate parent." On information and belief, this "corporate parent" is Countrywide Financial.

36.    The May 2003 Settlement Statement in the Land Title closing documents stated that "Novastar Home Mortgage" was paid the sum of $5,868.00 from the loan proceeds.

37.    Commencing on or about July 1, 2003, the Harrises began paying Countrywide interest and principal payments on the loan contract with Countrywide. The Amortization Schedule furnished by Defendant Land Title stated that the monthly principal and interest payment for the first thirty-six months was $1,418.65 and that the interest rate for this period was eight and one half percent. This document also stated that the payments amounted to approximately $112.00 to $143.00 in principal reduction and to approximately $1,307.00 to $1,276.00 in interest each month during this period. The Harrises paid their monthly payments to Countrywide each month until they obtained a new loan contract from Seattle Mortgage Company in 2004.

38.    The Harrises paid the sum of $687.45 to Countrywide in interest for the period May 16, 2003 through June 1, 2003. The Harrises paid interest to Countrywide

George T. Freeman
ATTORNEY AT LAW
1152 F STREET
ANCHORAGE, ALASKA 99501
(901) 274-8497

CLASS ACTION COMPLAINT                    12

on a monthly basis from July 1, 2003 though May 31, 2004 totaling $14,328.69. The Harrises also paid interest to Countrywide of $682.25 for the period from June 1, 2004 through June 17, 2004. The total interest payments paid by the Harrises to Countrywide during this period amounted to $15,698.39.

39.    In 2004 the Harrises contacted Seattle Mortgage Company of Anchorage, Alaska about obtaining a new loan contract secured by their residence with more favorable terms than the Countrywide loan contract.

40.    In June 2004 an entity named "Countrywide Home Loans Servicing LP" of 400 Countrywide Way, Simi Valley, California provided the Harrises with a "Payoff Demand Statement" for the Countrywide loan contract. This statement stated that Plaintiffs would have to pay a "Prepayment Penalty" of $6,213.72. The total payoff to Countrywide, including the prepayment penalty, was $190,141.15. This demand statement states that "[t]his is a communication from a debt collector."

41.    On or about June 11, 2004 the Harrises closed a loan contract with Seattle Mortgage Company at Mat-Su Title Insurance Agency, Inc. in Wasilla, Alaska. At that time, the Harrises signed fifteen (15) year loan contract with Seattle Home Mortgage in the amount of $195,680.00 with a fixed interest rate of six percent (6 %).

42.    The June 2004 Mat-Su Title Settlement Statement states that "$190,141.15" was paid to Countrywide from the loan proceeds to "Payoff first mortgage to Countrywide." This amount included payment of the prepayment penalty of $6,213.72.

CLASS ACTION COMPLAINT                13

43.    Countrywide was advised before the closing on the new loan that Alaska law prohibited prepayment penalties.    In spite of this information, Countrywide intentionally collected and received a prepayment penalty in violation of Alaska law. The Countrywide Defendants have not returned to the Harrises the amount paid for the prepayment penalty paid to Countrywide and/or its parent corporation, affiliates and/or subsidiaries.

### FIRST CLAIM FOR RELIEF
### AS 45.45.010(g); AS 45.45.020; AS 45.45.030
### Countrywide Defendants

44.    The Harrises incorporate by reference the facts and allegations contained in the paragraphs set forth above.

45.    AS 45.45.010(g) provides and all relevant times provided that a loan contract or commitment covering one to four family dwellings may be prepaid without penalty.

46.    AS 45.45.020 provides and all relevant times provided that a person may not receive a greater sum in money for the loan of money than is prescribed in AS 45.45.010.

47.    AS 45.45.030 provides and all relevant times provided for a person who pays amounts of money greater than those prescribed in AS 45.45.010 and AS 45.45.020 has a right of action to recover double the amount of the money received or collected on the loan contract from the person receiving or collecting the money.

48.    The Countrywide Defendants collected and received a sum of money as a prepayment penalty based on a calculation of six months advance interest on the unpaid

George T. Freeman
ATTORNEY AT LAW
1152 P STREET
ANCHORAGE ALASKA 99501
(907) 274-8497

CLASS ACTION COMPLAINT                    14

EXHIBIT    A
PAGE 14 OF 21

principal amount of the loan and other interest payments from the Harrises and the other members of the Class.

49.    The Countrywide Defendants collected and received a sum of money as a prepayment penalty from the Harrises for the prepayment of a loan contract covering one to four family dwellings in Alaska and from the other members of the Class in violation of Alaska law.

50.    The actions of the Countrywide Defendants in connection in collecting and receiving a sum of money as a prepayment penalty caused the Harrises and the other members of the Class to suffer damages.

51.    The Countrywide Defendants are liable to the Harrises and the other members of the Class for damages, statutory damages in the amount of double the amount of the prepayment penalty and all other interest paid to the Countrywide Defendants, restitution and/or other appropriate legal and equitable relief.

## SECOND CLAIM FOR RELIEF
### Breach of Contract
### Countrywide Defendants

52.    The Harrises incorporate by reference the facts and allegations contained in the paragraphs set forth above.

53.    The Countrywide Defendants entered into loan contracts with the Harrises and the other members of the Class. The contracts implicitly incorporated all applicable Alaska laws in existence at the time in the making of the contracts.

54.    AS 45.45.010(g) provides and all relevant times provided that a loan contract or commitment covering one to four family dwellings may be prepaid without

George T. Freeman
ATTORNEY AT LAW
1152 F STREET
ANCHORAGE, ALASKA 99501
(907) 274-8487

EXHIBIT A
PAGE 15 OF 21

penalty. This statute is incorporated as a matter of law in the Countrywide Defendants' loan contracts with the Harrises and the other members of the Class.

55.    The Countrywide Defendants breached the loan contract with the Plaintiffs and with the other members of the Class by collecting and receiving a sum of money as a prepayment penalty from the the Harrises and from the other members of the Class.

56.    The Countrywide Defendants caused the Harrises and the other members of the Class to suffer damages.

57.    The Countrywide Defendants are liable to the Harrises and other members of the Class for damages, restitution and/or other appropriate legal and equitable relief, including but not limited to statutory damages in the amount of double the amount of the prepayment penalty and all other interest paid to the Countrywide Defendants.

### THIRD CLAIM FOR RELIEF
#### Unjust Enrichment
#### Countrywide Defendants

58.    The Harrises incorporate by reference the facts and allegations contained in the paragraphs set forth above.

59.    The Countrywide Defendants wrongfully obtained benefits from the Harrises and the other members of the Class by collecting and receiving prepayment penalties on the payment of loan contracts.

60.    The Countrywide Defendants received such benefits at the expense of the Harrises and the other members of the Class.

George T. Freeman
ATTORNEY AT LAW
1152 P STREET
ANCHORAGE, ALASKA 99501
(907) 274-8497

CLASS ACTION COMPLAINT                16

EXHIBIT A
PAGE 16 OF 21

61.    Acceptance and retention by the Countrywide Defendants of such benefits was unjust and inequitable.

62.    The Countrywide Defendants should be required to disgorge any and all prepayment penalties collected and received in connection with the prepayment payment of loan contracts by the Harrises and the other members of the Class and to provide restitution of such amounts to the Harrises and the other members of the Class.

## FIFTH CLAIM FOR RELIEF
### Punitive Damages
### Countrywide Defendants

63.    The Harrises incorporate by reference the facts and allegations contained in the paragraphs set forth above.

64.    The conduct of the Countrywide Defendants in collecting and receiving the prepayment penalties from the Harrises and other members of the class was knowing, illegal, willful, intentional, outrageous, malicious, and/or recklessly indifferent to the interests of the Harrises and the other members of the Class.

65.    As a result, the Harrises and the other members of the Class are entitled to punitive damages from the Countrywide Defendants on each claim for relief that permits an award of punitive damages.

## FIFTH CLAIM FOR RELIEF
### Declaratory Relief – AS 22.10.020(g)
### Countrywide Defendants and Land Title Defendant

66.    The Harrises incorporate by reference the facts and allegations contained in the paragraphs set forth above.

George T. Freeman
ATTORNEY AT LAW
1152 F STREET
ANCHORAGE, ALASKA 99501
(907) 274-8497

CLASS ACTION COMPLAINT                    17

67.    The court may declare the rights and legal relations of interested parties under AS 22.10.010(g).

68.    If necessary and appropriate, the court should declare the rights and legal relations of the Harrises, the other members of the Class, the Countrywide Defendants and the Land Title Defendant.

**SIXTH CLAIM FOR RELIEF**
**Injunctive Relief**
**Countrywide Defendants and Land Title Defendant**

69.    The Harrises incorporate by reference the facts and allegations contained in the paragraphs set forth above.

70.    The Harrises and the other members of the Injunctive Class are entitled to a declaration that any prepayment penalty clause in any loan contract that applies to a one to four family dwelling between the Countrywide Defendants and any person located in Alaska violates AS 45.45.010(g), the public policy of the State of Alaska, and is null and void.

71.    The Plaintiff members of the Injunctive Class are entitled to a permanent injunction prohibiting the Countrywide Defendants from including any prepayment penalty clause in any loan contracts covering one to four family dwellings in Alaska with any person and/or from enforcing any such clause, except for federally insured loans that require a prepayment penalty.

72.    The Plaintiff members of the Injunctive Class are entitled to a permanent injunction prohibiting the Land Title Defendant from closing any loan contract transaction with a prepayment penalty clause covering one to four family dwellings

George T. Freeman
ATTORNEY AT LAW
1152 P STREET
ANCHORAGE, ALASKA 99501
(907) 274-8497

CLASS ACTION COMPLAINT                    18

EXHIBIT A
PAGE 18 OF 21

between the Countrywide Defendants and any person, except for federally insured loans that require a prepayment penalty.

## PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiffs, individually and on behalf of the proposed classes, as the Court for the following relief and seek judgment against the Defendants as follows:

1. Certify this case as a class action pursuant to Rule 23 of the Alaska Rules of Civil Procedure;

2. Define the classes as pleaded herein and give notice to all potential class members in a form and manner to be determined by the Court upon Representative Plaintiffs' motion to certify the classes;

3. . Take any and all appropriate steps to protect the rights of the Class Members as alleged herein;

4. Adjudge and decree that the collection and receipt of a sum of money as a prepayment penalty from the Representative Plaintiffs and the other members of the Classes is unlawful under AS 45.45.010(g) and AS 45.45.020.

5. Adjudge and decree that Plaintiffs and each member of the Damages Class have sustained damages, and enter judgment in favor of the Representative Plaintiffs and each member of the Damages Class and against the Countrywide Defendants, and each of them, for damages sustained;

6. Adjudge and decree that the Representative Plaintiffs and each member of the Damages Class are entitled to statutory damages under AS 45.45.030

CLASS ACTION COMPLAINT    19

George T. Freeman
ATTORNEY AT LAW
1152 F STREET
ANCHORAGE, ALASKA 99501
(907) 274-8497

against the Countrywide Defendants in the amount of double the amount of the prepayment penalties and all other interest paid to the Countrywide Defendants and enter judgment in favor of the Representative Plaintiffs and each member of the Damages Class and against the Countrywide Defendants, and each of them, for statutory damages under AS 45.45.030;

7.    Adjudge and decree that the Representative Plaintiffs and the members of the Damages Class are entitled to an award of all damages;

8.    Adjudge and decree that the Representative Plaintiffs and each member of the Damages Class are entitled to an award of punitive damages against the Countrywide Defendants.

9.    Enjoin the Countrywide Defendants from entering into loan contracts covering one to four family dwellings in Alaska with a prepayment penalty clause or from enforcing any prepayment penalty clause in such loan contracts;

10.    Enjoin the Land Title Defendant from closing transactions involving loan contracts with the Countrywide Defendants covering one to four family dwellings with a prepayment penalty clause;

11.    Award the Representative Plaintiffs and the other members of the Classes their costs of suit, pre-judgment interest and post-judgment interest, and reasonable attorneys fees, as provided by law; and

12.    Award such other and further relief in law or in equity as this Court deems just and proper.

George T. Freeman
ATTORNEY AT LAW
1152 F STREET
ANCHORAGE, ALASKA 99501
(907) 274-8497

CLASS ACTION COMPLAINT                    20

DATED this _15th_ of _December_ 2005.

GEORGE T. FREEMAN
Attorney for Plaintiffs

By:_____
    George T. Freeman
    Alaska Bar No. 7806039

GRETCHEN M. NELSON
Attorney for Plaintiffs

By:_____
    Gretchen M. Nelson
    California Bar No. 112566

George T. Freeman
ATTORNEY AT LAW
1152 F STREET
ANCHORAGE, ALASKA 99501
(907) 274-8497

CLASS ACTION COMPLAINT                          21